UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM TOBAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00390-WTL-DKL |
| ) | |
| WILLIAM H. WOLFE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss**

Plaintiff William Tobar, an inmate at the Wabash Valley Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, medical providers at the Pendleton Correctional Facility, failed to properly diagnose and treat his heart condition. Tobar asserts that the defendants' actions amounted to deliberate indifference in violation of Tobar's Eighth Amendment rights. Defendant Mike Smith moves to dismiss the claims against him arguing that Tobar does not allege that he was personally involved in the acts alleged in the amended complaint or that he was deliberately indifferent to Tobar's medical needs. Tobar has not responded to the motion to dismiss. For the following reasons, Smith's motion to dismiss [dkt 94] is **granted**.

**I. Motion to Dismiss Standard**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a

short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss. But for purposes of a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002).

### III. Relevant Facts

The following statement of material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as motion to dismiss standard requires, the relevant facts are those alleged in the amended complaint and its exhibits.

Tobar was an inmate at Pendleton Correctional Facility ("Pendleton"). On February 20, 2013, Tobar began experiencing chest pains and sought medical attention. Tobar was sent by Pendleton's medical team to Saint Vincent Anderson, in Anderson, Indiana. While at Saint Vincent Anderson, Tobar received numerous tests and was diagnosed as suffering from "musculoskeletal chest pains." The ER doctor at Saint Vincent Anderson recommended that Tobar take Naproxen 375mg.

On February 21, 2013, Tobar was returned to Pendleton. On March, 1, 2013, Tobar submitted a request for health care to the Health Care Department at Pendleton, asking for the medication recommended by the ER doctor and for follow-up treatment. Unhappy with the outcome, on March 12, 2016, Tobar wrote an informal complaint to Vicki Poore, RN, at Pendleton. Poore discussed Tobar's request with the onsite medical doctor, Doctor Wolfe. On March 15, 2016, Poore responded to Tobar's complaint, providing him with Dr. Wolfe's report that explained that Tobar was not provided with medication because the pain was absent when Tobar returned from the ER to Pendleton.

On March 25, 2013, Tobar filed a Formal Grievance seeking an unnamed medication and follow-up treatment. The initial grievance was denied because the hospital report was negative for heart disease, providing, instead a diagnosis of chest wall pain, and medication was not warranted, based on Tobar's condition.

On April 5, 2013, Tobar filed a Formal Appeal of his denied grievance to defendant Smith, the Medical Contract Monitor. Smith denied Tobar's appeal, stating:

> The offender does not state what specific medications he is suppose to be receiving nor does he state who is to see on consult. The offender was treated appropriately for his condition of chest wall pain. If he should have health issues similar to this he should address with the provider at the facility. He is being seen by the medical staff and they are readily available to review his history at any time. GREIVANCE DENIED.

Tobar alleges that Smith's denial of the appeal was motivated by the financial arrangement with Corizon. Tobar alleges that Smith was aware of the practice of failing to provide Tobar with adequate medical care and failed to correct it.

### IV. Discussion

Smith argues that Tobar's claims against him must be dismissed for failure to state a claim upon which relief can be granted because the only action he allegedly took – the denial of Tobar's grievance appeal related to his medical care – is not sufficient to support a conclusion that Smith was personally involved in the alleged denial of medical treatment or that Smith was deliberately indifferent to Tobar's serious medical needs.

First, a denial of a medical grievance is not a claim upon which relief can be granted under Section 1983 because such denial does not usually give rise to sufficient personal involvement to hold a defendant liable. *See Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

4

In addition, the allegations against Smith do not "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Even assuming that Tobar's condition was objectively serious, he has not sufficiently alleged that Smith was deliberately indifferent to it. The allegations in the complaint and the exhibits to it are insufficient to show that Smith was deliberately indifferent to a risk to Tobar's health. In *Johnson*, the Seventh Circuit affirmed the grant of summary judgment in favor of a grievance official who ruled on the plaintiff's medical grievance. The court explained that the grievance officer investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions." *Johnson*, 433 F.3d at 1010-11 (citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (2005)). "Perhaps it would be a different matter if the non-medical prison official had ignored the plaintiff's complaints entirely, but," the Seventh Circuit found "no deliberate indifference [when the non-medical prison official] investigated the complaints and referred [the plaintiff] to the medical providers who could be expected to address the plaintiff's concerns." *Johnson*, 433 F.3d at 1010-11 (external citation and quotation omitted). The allegations in the Amended Complaint are similar to the facts in *Johnson*. Tobar alleges that he submitted a formal appeal and that Smith reviewed it and denied it because medical staff had addressed the situation. In the denial of the grievance, Smith went on to state that medical care continued to be available to Tobar. These allegations do not support a conclusion that Smith was deliberately indifferent to Tobar's serious medical needs.

5

Finally, to the extent that Tobar asserts in the Amended Complaint that Smith was motivated by financial reasons to deny his grievance appeal or that Smith was aware of a practice on the part of medical staff to deny medical care, he still has not asserted that Smith was deliberately indifferent. Further, these conclusory statements are insufficient to raise a right to relief on these claims beyond a speculative level. *Twombly*, 550 U.S. at 555.

## V. Conclusion

For the foregoing reasons, defendant Mike Smith's motion to dismiss [dkt 94] is **granted** and Tobar's claims against him are dismissed. No partial final judgment shall issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 9/22/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel